UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LUPE ARIAS and JAVIER ARIAS,

        Plaintiffs,

   v.

FCA US LLC.,

        Defendant.

Case No. 2:18-cv-00392-JAM-AC

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR ATTORNEY'S FEES AND COSTS**

Lupe Arias and Javier Arias ("Plaintiffs") request $120,103.25 in attorney's fees and costs resulting from the settlement of their claims against FCA US LLC. ("Defendant") for violation of statutory obligations. Mot., ECF No. 42. Plaintiffs seek these attorney's fees and costs pursuant to Cal. Civ. Code § 1794(d) and Fed. R. Civ. P. 54(d)(1)-(2). Id. For the reasons stated below, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 5, 2019.

1

I. FACTUAL AND PROCEDURAL BACKGROUND

On January 11, 2017, Plaintiffs sued Defendant under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq., and Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq., for defects that arose in their 2015 Jeep Cherokee. See Notice of Removal Ex. A, ECF No. 1. Following approximately one and a half years of litigation, the parties settled. See ECF No. 37. The Court granted the parties 90 days to resolve all terms of the agreement, including the issue of attorney's fees and costs. Order, ECF No. 38. Unable to reach an agreement with Defendant, Plaintiffs now move for an award of attorney's fees and costs. Mot., ECF No. 42. Defendant opposes this motion. Opp'n, ECF No. 44.

II. OPINION

A. Attorney's Fees

1. Legal Standard

District courts follow the forum state's law for awarding attorney's fees when exercising their diversity jurisdiction over state-law claims. Close v. Sotheby's Inc., 909 F.3d 1204, 1208 (9th Cir. 2018). Federal Rule of Civil Procedure 54(d)(2) merely sets the procedure for claiming attorney's fees. See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1281 (9th Cir. 1999). Thus, section 1794(d) of the Song-Beverly Act governs here. It provides that the prevailing party shall be allowed to recover attorney's fees "based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d) (emphasis added).

The prevailing party bears the burden of demonstrating that

the fees were: (1) allowable; (2) reasonably necessary to the conduct of the litigation; and (3) reasonable in amount. Nightingale v. Hyundai Motor Am., 31 Cal. App. 4th 99, 104 (Ct. App. 1994) (internal citations omitted). The court retains discretion to reduce the fee award where fees were not reasonably incurred. See Ketchum v. Moses, 24 Cal. App. 4th 1122, 1132 (Cal. 2001).

The "lodestar method" is the primary method for determining the reasonableness of an attorney's fee request under the Song-Beverly Act. Id. at 1135. Pursuant to that method, attorney's fee awards are computed in a two-step process. First, the court calculates the lodestar: the "the number of hours reasonably expended multiplied by the reasonable hourly rate." Ctr. for Biological Diversity v. Cty. of San Bernardino, 188 Cal. App. 4th 603, 616 (Ct. App. 2010), as modified (Oct. 18, 2010). "Generally, the reasonable hourly rate used for the lodestar calculation is that prevailing in the community for similar work." Id. (internal quotation marks omitted).

The court may then increase or decrease the lodestar calculation amount based on factors such as "the novelty and difficulty of the issues, the attorneys' skill in presenting the issues, the extent to which the case precluded the attorneys from accepting other work, and the contingent nature of the work." Id. at 772-73. "The purpose of such adjustment is to fix a fee at the fair market value for the particular action." Ketchum, 24 Cal. App. 4th at 1132. The party seeking attorney's fees bears the burden of proving that its requested fees are reasonable. Ctr. for Biological Diversity, 188 Cal. App. 4th at 616.

3

### 2. Analysis

#### a. Hours Reasonably Expended

Plaintiffs submits "Time Records," itemizing the time spent by attorney Jill Harris on this case. Pl.'s Ex. J, ECF No. 42. The Court finds that not all of the hours Plaintiffs' counsel billed are reasonable. Plaintiffs' counsel "anticipates" an additional eight hours will be spent reviewing Defendant's opposition, drafting the reply, and attending a motion on the hearing. Mem. ECF No. 41 at 3. There was no hearing on this motion and Plaintiffs replied to Defendant's opposition in seven brief paragraphs. See Reply, ECF No. 46. Thus, the Court strikes the hours billed for the cancelled hearing from the fee award. See, e.g., Johnson v. Yates, No. 2:14-cv-1189-TLN-EFB, 2017 WL 3438737, at *2 (E.D. Cal. Aug. 10, 2017) (striking hours billed for a hearing that was not held). The Court further reduces the eight estimated hours to four.

Defendant objects to several of Plaintiffs' counsel's time entries as being too vague. Opp'n, ECF No. 44 at 2. The Court agrees that some of the block billing entries do not allow for a proper determination of whether the time spent was reasonable. Defendant specifically cites to four entries from May 2019 that amount to 24.5 hours. Id. For each of these entries, Plaintiffs' counsel provides either "trial prep" or "work on file, trial prep; research" as a description. See Pl.'s Ex. J, ECF No. 42. While 24.5 hours spent on trial preparation may be reasonable, Plaintiffs' counsel provides too little information to allow the Court to credit such a significant amount of time billed over roughly a two-week period. The Court therefore reduces the amount

of time billed by five hours—to 19.5 hours.

Defendant also objects to three entries from the end of May 2019 described as: "research; proposed jury instructions CACI; review Fed. Instructions"; "[d]raft jury instructions"; and "[d]raft voir [dire] and [t]rial [p]rep."  Opp'n, ECF No. 44 at 2. These three entries from a two-day period amount to 17.5 hours. The Court finds the time spent on jury instructions and voir dire unreasonable.  Plaintiffs' counsel, by her own words, has been working on consumer vehicle cases since early 2015.  Harris Decl., ECF No. 42 at 2-3.  She had worked on "no less than 500 lemon law cases" and has litigated "too many [cases] to count" against FCA US LLC.  Id.  It is difficult to believe that, given Plaintiffs' counsel experience on these types of cases, it took her 17.5 hours to draft jury instructions and voir dire.  Plaintiffs' counsel has presumably prepared jury instructions and voir dire for these cases before, and likely has drafts of each on hand.  As such, the Court reduces the amount of time billed for this work to 8.5 hours.

The Court finds the rest of Plaintiffs' counsel's time entries reasonable and not subject to reduction.  Accordingly, the remainder of Defendant's specific objections to Plaintiffs' counsel's time entries are denied.  In total, the Court reduces Plaintiffs' counsel's billing statement by 18 hours.

### b. Reasonable Hourly Rate

Plaintiffs assert that the fee award should be based on a rate of $475.00 per hour. Mem. ECF No. 41 at 11.  They argue counsel's rate is consistent with national surveys of consumer-attorney hourly rates.  Id.  Defendant, however, contends the hourly rates Plaintiffs' counsel charges are unreasonable and should be reduced.

Opp'n, ECF No. 44 at 2.

Plaintiffs provide evidence in the form of declarations of other attorneys regarding their respective billable rates. Rosner's Decl. and Anderson's Decl., ECF No. 41. Neither declaration addresses the prevailing rates in the Eastern District of California. Defendant's opposition similarly fails to present prevailing rates in the Eastern District. See Opp'n, ECF No. 44 at 7.

The Court thus examines rate determinations in other cases before this Court. Bearing those cases in mind, the Court finds $350.00 is a reasonable rate for counsel in consumer law matters with approximately the same number of years of legal experience. See N.L. by Lemos v. Credit One Bank, N.A., No. 2:17-cv-01512-JAM-DB, 2019 WL 1428122, at *4 (E.D. Cal. March 29, 2019). Plaintiffs have not presented the Court with a compelling reason to depart from the rate awarded in those cases.

Accordingly, the lodestar in this case is as follows:

| Attorney | Hours | Rate | Total |
|----------|-------|------|-------|
| Harris | 141.4 | $350.00 | $49,490.00 |
| | | | $49,490.00 |

c. Multiplier Award

Plaintiffs' counsel requests an enhancement of a 0.5 multiplier based on the following factors: (1) The risks posed by litigation; (2) the novelty and difficulty of the legal and factual issues; and (3) the results obtained on behalf of the Plaintiffs. Mem. ECF No. 41 at 14-15. The lodestar may be adjusted in light of additional considerations, including the results obtained. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). Nonetheless, a "strong

presumption" exists that the lodestar figure represents a "reasonable fee" and should be enhanced only in "rare and exceptional cases." Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565 (1986). Defendant objects and asserts this case calls for a negative multiplier. Opp'n, ECF No. 44 at 5-6.

No upward- or downward-adjustments of the above amount is necessary. Counsel did obtain a positive result for Plaintiffs. But that result is not "exceptional," nor is it borne out of "exceptional effort[s]" by counsel. Graham v. Daimler Chrysler Corp., 34 Cal.4th 553, 582 (2004). This case similarly did not present any novel or difficult issues and, in this Court's opinion, was not high risk. Thus, the lodestar value represents the fair market value of this particular action. See Ketchum, 24 Cal. App. 4th at 1132.

B. Costs

1. Legal Standard

Recovery of prevailing party costs in federal district court is generally considered a question of procedure governed by Federal Rule of Civil Procedure 54(d)(1), even in diversity cases. Champion Produce Inc., v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003). But the California Legislature has demonstrated a special interest in permitting prevailing Song-Beverly plaintiffs to recover costs and expenses under California Civil Code § 1794(d). Forouzan v. BMW of North America, LLC, 390 F.3d 1184, 1187 (C.D. Cal. 2019) (citing Clausen v. M/V NEW CARISSA, 339 F.3d 1049 (9th Cir. 2003)). Thus, the cost provision of the Song-Beverly Act, rather than Federal Rule of Civil

Procedure 54(d)(1) applies here. Id.

Section 1794(d) of the Act defines the amount in costs and expenses that may be recovered as "a sum equal to the aggregate amount of costs and expenses . . . determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Recoverable under section 1794(d) are such costs and expenses as expert witness fees and filing fees. Jensen v. BMW of N. Am., Inc., 35 Cal. App. 4th 112, 138 (1995).

### 2. Analysis

Plaintiffs seek $2,815.50 in costs for "[c]ompensation of court-appointed experts." See Reply Ex. A, ECF No. 46. Plaintiffs failed to support their Bill of Costs with a memorandum as required by Local Rule 292(b). Osei v. GMAC Mortg., No. 09-cv-2534-JAM-GGH, 2010 WL 2035697, at *1 (E.D. Cal. May 20, 2010). Plaintiffs also did not provide supporting documentation for the requested costs. The Court finds billing for expert services without attaching a bill to the motion unreasonable. See Yates, 2017 WL 3438737, at *3 (denying investigation and expert costs where no bills were provided). With no basis upon which to judge whether these costs were reasonably incurred, the "Court will not award such an amount arbitrarily." Id.

Thus, the Court denies Plaintiffs' request for $2,815.50 in costs for unsupported expert fees.

### III. ORDER

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' Motion for Attorney's Fees and Costs. The Court awards Plaintiffs $49,490.00 in attorney's fees and

denies all costs, for a total of $49,490.00.

IT IS SO ORDERED.

Dated: November 20, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE